# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pedro Carrasco, | Case No. 20-cv-1257-WMW-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden J. Fikes, *FCI-Sandstone*, | |
| Respondent. | |

This matter is before the Court for a Report and Recommendation on Pedro Carrasco's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. For the reasons that follow, the Court recommends that Mr. Carrasco's Petition be denied.

**Background**

In February of 2018, Mr. Carrasco was sentenced in the District of Montana for conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846 and 841(b)(1)(A); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1), (h). [Fogt Decl., Ex. E at 2, ECF No. 12]. He is currently serving his sentence in Sandstone, Minnesota, and he petitions the Court for a writ of habeas corpus, arguing that the Bureau of Prisons (the "Bureau") abused its discretion by not releasing him to home confinement pursuant to the

1

CARES Act. 18 U.S.C. § 3582(c)(1)(A)(i).

**Analysis**

A writ of habeas corpus shall not extend to any individual unless that individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494–95 (1973). In essence, a writ is "an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

The Bureau has the discretion to transfer prisoners to home confinement pursuant to 18 U.S.C. § 3624(c)(2). Following the COVID-19 outbreak, Congress passed the CARES Act, which, in relevant part, granted the Director of the Bureau the authority to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . section 3624(c)(2) of title 18." Pub. L. No. 116-136, § 12003(b)(2). The Bureau adopted procedures by which it would prioritize prisoners for transfer to home confinement, considering factors such as the prisoners' COVID-19 risk factors, behavioral history, and the length of their sentences and the percentage of those sentences already served.

Mr. Carrasco contends that he should have been prioritized for transfer to

home confinement for several reasons. [Pet. at 2–4, ECF No. 1]. He asserts that he has underlying health conditions that render him particularly susceptible to contracting COVID-19 and suffering serious illness as a result. He also points out his record of good behavior and extensive participation in classes and other programs offered at the prison. Further, he alleges that the Bureau's denial of his transfer request was motivated by racial animus and that the Sandstone facility is ill-equipped to ensure his health and safety. In light of these considerations, Mr. Carrasco argues, the Bureau abused its discretion when it declined to transfer him. However, the Court is unable to grant Mr. Carrasco's Petition for two reasons.

    First, the body of caselaw makes clear that 18 U.S.C. § 3625 "precludes judicial review of agency adjudicative decisions." *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998). That is, while courts may review the rules and procedural schemes the Bureau sets up to carry out its authority under § 3624(c)(2), they cannot review the Bureau's decisions pursuant to those procedures with respect to any individual prisoner, as those decisions are explicitly left to the Bureau's discretion. *Id.* ("Section 3625 provides that '[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [section 3621–3526].'" (alterations in original)); *Coffey v. Marquez*, No. 18-cv-0204 (JNE/BRT), 2018 WL 3802084, at *3 (D. Minn. Apr. 2, 2018) ("Several courts in this district have held that § 3625 precludes judicial review of

3

the BOP's discretionary decisions under §§ 3621 and 3624 in the context of RRC and home placement."), *report and recommendation adopted*, No. 18-cv-204 (JNE/BRT), 2018 WL 3785183 (D. Minn. Aug. 9, 2018). Mr. Carrasco challenges not the procedures by which the Bureau prioritized prisoners for transfer to home confinement, but the Bureau's decision, pursuant to those rules, as to himself. That decision was within the discretion of the Bureau and is not reviewable by this Court.

Second, there is a serious question as to whether this Court has jurisdiction to review this issue. While the Supreme Court has left the question open and there remains a split amongst the Circuit Courts of Appeals, the Eighth Circuit has clearly held that habeas corpus is not a proper remedy for claims challenging the *conditions* of confinement. *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *see also Aamer v. Obama*, 742 F.3d 1023, 1035–38 (D.C. Cir. 2014) (reviewing circuit split). According to Eighth Circuit jurisprudence, petitioners seeking a writ of habeas corpus pursuant to § 2241 may only challenge the fact or duration of the confinement to which they are subject—not the conditions or circumstances. *Spencer*, 774 F.3d at 470; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). As stated by the court in *Kruger v. Erickson*,

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court

4

lacks the power or subject matter jurisdiction to issue a writ. 77 F.3d at 1073 (citation omitted).

In his Petition, Mr. Carrasco does not challenge his imprisonment itself, nor assert that the term of his confinement has been improperly calculated. He does not even contend that the procedure by which the Bureau prioritized prisoners for release was somehow "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Rather, he argues that the Bureau should have selected him for transfer to home confinement. Indeed, several courts in this district have held that this is a challenge to the location and conditions of his confinement—not a challenge to its duration. *Malcolm v. Starr*, 20-cv-2503 (MJD/LIB), 2021 WL 190870, at *5 (D. Minn. Jan. 15, 2021) ("A prisoner is transferred to home confinement[,] not released to home confinement[,] because home confinement is a place of incarceration." (citing *Elwood v. Jeter*, 386 F.3d 842, 846 (8th Cir. 2004))); *Schlegel v. Rios*, 19-cv-338 (SRN/ECW), 2019 WL 3417053, at *3 (D. Minn. June 18, 2019) (same), *report and recommendation adopted*, No. 19-cv-338 (SRN/ECW), 2019 WL 3412207 (D. Minn. July 29, 2019); *Khdeer v. Paul*, 18-cv-2112 (ECT/BRT), 2018 WL 6919637, at *5 (D. Minn. Nov. 29, 2018) (same), *report and recommendation adopted*, 18-cv-2112 (ECT/BRT), 2019 WL 79318 (D. Minn. Jan. 2, 2019). *But see Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008) (addressing on the merits petitioners' § 2241 habeas petitions alleging that the Bureau unlawfully denied them placement in a "halfway house");

5

*Morrow v. Rios*, No. 08-cv-320 (JRT/RLE), 2009 WL 924525, at \*9 (D. Minn. March 31, 2009) (same, and observing that "since the Eighth Circuit has recently decided this similar § 2241 claim on the merits, jurisdiction is presumed"); *Skrzypek v. Cruz*, No. 08-cv-6111 (ADM/SRN), 2009 WL 465053 (D. Minn. Feb. 24, 2009) (denying on the merits a § 2241 habeas petition which alleged that the Bureau's refusal to transfer petitioner to a "halfway house" and then to home confinement violated the Second Chance Act of 2007). Accordingly, the Court recommends denying Mr. Carrasco's Petition.

The Court notes that the unavailability of relief under § 2241 does not leave petitioners in Mr. Carrasco's place with no recourse at all. A person serving a sentence may seek "compassionate release" pursuant to 18 U.S.C. § 3582(c) from the Court in which they were originally sentenced. *E.g.*, *United States v. Gutierrez*, No. 98-cr-279(8) (JRT/AJB), 2020 WL 3839831 (D. Minn. July 8, 2020). Mr. Carrasco has already sought such relief, though unsuccessfully, from the district court that sentenced him. *See* Order, *United States v. Carrasco*, 16-cr-41-BLG-SPW, Doc No. 223 (June 23, 2020). But the fact that his § 3582(c) petition was unsuccessful does not give rise to habeas jurisdiction in this Court.

**Recommendations**

1. That Pedro Carrasco's Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED**; and

2. That this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date: February 11, 2021                         s/ *Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge